NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| HARRY R. POOL, JR. and HONG FANG, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil No. 07-258 (AET) |
| v. | : | |
| | : | **MEMORANDUM & ORDER** |
| ALBERTO GONZALES, et al., | : | |
| | : | |
| Defendants. | : | |

---

THOMPSON, U.S.D.J.

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiffs Harry R.

Pool and Hong Fang's Complaint for lack of subject matter jurisdiction.  The Court has decided

this Motion after reviewing the submissions of the parties and without oral argument, pursuant to

Fed. R. Civ. P. 78.  For the following reasons, Defendants' Motion to Dismiss is denied.

BACKGROUND

Plaintiffs, husband and wife, reside in New Jersey.  While Plaintiff Harry Pool is a natural

born United States citizen, his wife, Plaintiff Hong Fang, is a native and citizen of China.

(Compl. ¶ 2.)  The couple was married November 27, 2004.  (Fang Aff. ¶ 2.)  After their marriage,

Plaintiffs filed a combined I-130 preference petition and an I-485 application with the United

States Citizenship and Immigration Services ("USCIS") for adjustment of Fang's status to

permanent resident.  (Compl. ¶ 11.)  On March 4, 2005, Fang appeared for a biometrics

appointment as required by her application.  On November 9, 2005, Vinay Singla of the Newark

District Office of USCIS interviewed the couple, and determined their marriage to be bona fide.

-1-

(Id.)  At the conclusion of the interview, Officer Singla seemed prepared to approve their

application, as he began stamping forms and took Fang's employment authorization card.  (Fang

Aff. ¶ 5.)  Officer Singla then, however, returned Fang's employment authorization card and

informed Plaintiffs that their case was to be suspended pending a Federal Bureau of Investigation

("FBI") name check, which was expected to be concluded within ninety days.  (Id.; Compl. ¶ 11.)

Over a year later, Plaintiffs received no word on the status of the their application.  On

November 14, 2007, Plaintiffs submitted a status inquiry request.  Receiving no response,

Plaintiffs submitted additional requests on December 20, 2006, and January 4, 2007.  On January

4, 2007, the Newark District Office of the USCIS notified Plaintiffs simply that "[b]ackground

checks [were] still not complete."  (Compl. ¶ 12.)

Plaintiffs filed this action on January 12, 2007, alleging Defendants' violation of the

Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551, et seq., which requires federal agencies

to conclude matters with reasonable promptness.  Furthermore, Plaintiffs seek a mandamus under

28 U.S.C. § 1361, ordering Defendants to adjudicate the I-130 and I-485 applications in a timely

fashion.

### DISCUSSION

The issue before this Court is whether subject matter jurisdiction exists to review the

USCIS's[1] delay in processing an I-130 preference petition and an I-485 application for adjustment

of status.  The petition and application are governed by the Immigration and Nationality Act

---

[1]     The USCIS is a subdivision of the Department of Homeland Security.  Although the text
of 8 U.S.C. § 1255(a) refers to the Attorney General as the official who may grant adjustment of
status in his discretion, the authority over such adjudications has been transferred to the Secretary
of Homeland Security and the USCIS.  See 6 U.S.C. § 271(b)(5).  For convenience, this opinion
will use USCIS, the Secretary of Homeland Security and the Attorney General interchangeably.

("INA"), 8 U.S.C. § 1255, which vests the Attorney General with broad discretion to adjust the

status of aliens.  8 U.S.C. § 1255(a) (stating "the status of an alien . . . may be adjusted by the

Attorney General, in his discretion . . . to that of an alien lawfully admitted for permanent

residence if (1) the alien makes an application for adjustment of status . . . .").  The scope of

judicial review of the Attorney General's actions under the INA is prescribed by section 8 U.S.C.

§ 1252(a)(2)(B), and states that, "no court shall have jurisdiction to review any judgment

regarding the granting of relief under section . . . 1255 . . . ." or "any other decision or action of

the Attorney General . . . under this title to be in the discretion of the Attorney General or the

Secretary of Homeland Security."  8 U.S.C. § 1252(a)(2)(B).

The fundamental question raised by Defendant's Motion to Dismiss is whether the

USCIS's delay in processing an application for adjustment of status constitutes "a judgment" or

"any other decision or action" under 8 U.S.C. § 1252(a)(2)(B), thereby depriving this Court of

subject matter jurisdiction to hear Plaintiff's plea for a writ of mandamus.  At the outset, the Court

notes there is a split of authority across Circuit Courts of Appeals and within the Third Circuit's

District Courts, as to whether failure or delay in processing an application for adjustment of status

constitutes an "action" by the USCIS under § 1252(a)(2)(B), thereby stripping jurisdiction from

federal courts.  Compare Song v. Klapakas, 06-5589, 2007 U.S. Dist. LEXIS 27203, at *12 (E.D.

Pa. Apr. 12, 2007) (finding that defendants' failure to adjudicate an application for adjustment of

status was not a discretionary decision); Loo v. Ridge, No. 045553, 2007 U.S. Dist. LEXIS 17822,

at *9 (E.D.N.Y. Mar. 14, 2007) (noting that adjudicating an adjustment of status application is not

at the discretion of defendants because defendants are required to do so); Duan v. Zamberry, No.

06-cv-1351, 2007 U.S. Dist. LEXIS 12697, at *7 (W.D. Pa. Feb. 23, 2007) ("Although the speed

of processing may be 'discretionary' in the sense that it is determined by choice, and that it rests

on various decisions that Defendants may be entitled to make, it is not discretionary in the manner

required by the jurisdiction-stripping language of the IIRIRA ." ); Singh v. Still, 470 F.Supp.2d

1064, 1068 (N.D. Cal. 2007) (noting that defendants had conceded that they have a mandatory

duty to act on adjustment applications); Yu v. Brown, 36 F. Supp. 2d 922, 931-32 (D.N.M. 1999)

(holding that the INS owes plaintiff a duty to process her application for a change of status to

permanent resident); with Elzerw v. Mueller, No. 07-166, 2007 U.S. Dist. LEXIS 30429, at *4-8

(E.D. Pa. Apr. 23, 2007); Serrano v. Quarantillo, No. 06-5221, 2007 WL 1101434 (D.N.J. Apr. 9,

2007); Safadi v. Howard, 466 F. Supp. 2d 696, 700 (D. Va. 2006).  There is no precedent directly

on point from the Third Circuit Court of Appeals.

    However, the majority of federal courts that have considered similar claims have found

that subject matter jurisdiction exists and that mandamus relief, at times, may be appropriate.  See,

e.g., Song, 2007 U.S. Dist. LEXIS 27203, at *9-10. "These courts have reasoned that even though

the actual decision to grant or deny an application for adjustment is discretionary, the USCIS has a

non-discretionary duty to act on applications within a reasonable time." Id.  This Court finds this

reasoning persuasive, and will deny Defendant's Motion to Dismiss on that basis.

    The APA requires that "[w]ithin a reasonable time, each agency shall proceed to conclude

a matter presented to it."  5 U.S.C. § 555(b).  A reviewing court has the power to "compel agency

action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1); see Song, 2007 U.S.

Dist. LEXIS, at *10 (citing Haidari v. Frazier, No. 06-CV-3215, 2006 U.S. Dist. LEXIS 89177

(D. Minn. Dec. 8, 2006)); Yu, 36 F. Supp. 2d at 931.  The APA only empowers a court to compel

agency action that is "ministerial or non-discretionary." See, e.g., Vermont Yankee Nuclear

Power Corp. v. Nat'l Res. Defense Council, Inc., 435 U.S. 519, 546 (1978).  Defendants, again,

argue that the Court is powerless to review the USCIS's application process because of its

"discretionary nature."  (Defs.' Br. Supp. Mot. to Dismiss 9.)  The Court agrees that federal courts

may not review a decision by the USCIS to approve or deny an application, however, the

obligation of the USCIS to process applications is not discretionary and is reviewable by this

Court.  The Government "simply does not possess unfettered discretion to relegate aliens to a state

of 'limbo,' leaving them to languish there indefinitely.  This result is explicitly foreclosed by the

APA."  Salehian v. Novak, No. 06-CV-459, 2006 U.S. Dist. LEXIS 77028, at *9 (D. Conn. Oct.

23, 2006) (quoting Kim v. Ashcroft, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004)).

Valid concerns do exist for issuing a writ of mandamus requiring the USCIS to process

applications, as plaintiffs may in some instances employ this remedy to "make the filing of a

lawsuit a means for a naturalization applicant to 'jump to the front of the line.'"  Manzoor v.

Chertoff, 06-CV-455, 2007 WL 413227, at *7 (E.D. Va. Feb. 2, 2007); see also Feng Li v.

Gonzalez, 06-5911, 2007 WL 1430207, at *6 ("When, as here, the Court lacks power to review

the ultimate agency decision and the agency's cases are backlogged, granting a writ to compel

adjudication would do nothing more than shuffle to the front of the line those I-485 applicants

canny enough to file a Complaint in federal district court.").  However, in this particular case, at

this stage of the proceedings, it is unclear whether Plaintiffs are waiting in line at all, or merely

lost in a bureaucratic shuffle.

Therefore, Defendants must either adjudicate Plaintiffs' applications or provide a

satisfactory explanation for the delay.  See Am. Acad. of Religion v. Chertoff, No. 06 Civ.

588(PAC), 2006 WL 1751254, at *17 (S.D.N.Y. Jun. 23, 2006) ("The Government makes no

effort to explain the delay in adjudicating Ramadan's case . . . the Government's bare assurances that review is . . . 'actively underway' and will be resolved 'at some point in the future' are totally inadequate.").   In determining the reasonableness of an agency delay, the Court will consider "the nature and extent of the interests prejudiced by delay, the agency justification for the pace of the decision, and the context of the statutory scheme out of which the dispute arises." Pub. Citizen Health Research Group v. Comm'r, Food & Drug Admin., 740 F.2d 21, 35 (D.C. Cir. 1984). Based on the dearth of evidence at this stage, the Court is unable to resolve the issue of whether the USCIS's delay of over eighteen months in processing Plaintiffs' application and petition is reasonable.  Defendants have not provided sufficient facts to demonstrate that Defendants are backlogged, that Plaintiffs' applications are particularly difficult, or that Plaintiffs have in some way contributed to the delay.   Defendants have only stated in their briefs, without any supporting documentation, that Plaintiffs' application and petition have been suspended pending an FBI background check.  The Court has no reason to doubt Defendants' explanation, however, evidence must be produced to establish this fact.  Therefore, the Court denies Defendants' motion to dismiss, and the case shall proceed to examine the nature and cause of the delay.

CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this1st day of June, 2007,

ORDERED that Defendants' Motion to Dismiss [5] is DENIED.


_____ s/ Anne E. Thompson _____<br>
ANNE E. THOMPSON, U.S.D.J.